■ LOMBARDI & SON, INC., Respondent, v LOUIS DIEHL et al., Constituting the Town Board of the Town of Wappinger, Defendants, and TOWN OF WAPPINGER, Appellant.—In an action on a contract, the defendant Town of Wappinger appeals from a judgment of the Supreme Court, Dutchess County, dated August 6, 1979, which after a nonjury trial, awarded plaintiff judgment in the principal sum of $29,725. Judgment affirmed, without costs or disbursements. The sole dispute between the parties concerns payment for 5,945 cubic yards of material actually installed by plaintiff but for which payment was refused. The contract and extensions thereof, pursuant to which plaintiff already had installed many thousands of cubic yards of the material, and for which plaintiff was paid, provided for an agreed upon unit price per cubic yard. The only specific reference to quantity was contained in the bid proposal which had specified "approximate quantities". These quantities had been exceeded several times under the original contract, but no dispute had arisen with respect to payment. Even after appellant's engineer later challenged the amount of material being utilized by plaintiff, he continued to approve payment upon plaintiff's request. That he did so for nearly a year solely because of alleged representations by plaintiff that town board approval of payment for the challenged amounts as "extras" would be sought was not established satisfactorily by the record. What the record does establish is that appellant's engineer held full control and authority over plaintiff's performance of the contract, including the type and amount of material used. The contract drawings upon which appellant relied to establish the overbreadth of plaintiff's performance do not in fact support that conclusion; we note further that the record fails to substantiate an allegation that the engineer instructed plaintiff to limit the size of its excavations and the amount of material needed to refill the excavations. Accordingly, we find no basis upon which to overturn the monetary judgment awarded plaintiff for its performance under the contract extensions. Cohalan, J. P., Margett, O'Connor and Weinstein, JJ., concur.